DANA A. SUNTAG, SBN: 125127
CARLOS M. AMBRIZ, SBN: 210130
HERUM \ CRABTREE \ SUNTAG
*A California Professional Corporation*
5757 Pacific Avenue, Suite 222
Stockton, CA 95207
Telephone: (209) 472-7700
Fax: (209) 472-7986
Email: dsuntag@herumcrabtree.com

Attorneys for Plaintiff
ALAN S. FUKUSHIMA, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>SIMON RAMSUBHAG,<br><br>Debtor. | Case No: 14-21184-A-7 |
| ALAN S. FUKUSHIMA, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>RAY SAHADEO, an individual, and DAN SAHADEO, an individual,<br><br>Defendants. | Adversary Proceeding No:<br><br>**COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT, TURNOVER AND FOR MONEY LENT** |

Plaintiff ALAN S. FUKUSHIMA, Chapter 7 Trustee of this bankruptcy estate, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(b)(1) and (2) and 1334 and Title 11 U.S.C. §105. This adversary proceeding arises in or relates to the captioned Bankruptcy Case. This is a core proceeding under Title 28 U.S.C. §157(b)(2). Venue is proper in this Court under Title 28 U.S.C. §1409(a).

**THE PARTIES**

2. On information and belief, Defendants Ray Sahadeo and Dan Sahadeo ("Defendants") are owners of S360 Development, a full service real estate development/investment and construction company located at 500 N. Street, Suite 24, Sacramento, California 95814.

**FACTS**

3. On February 7, 2014, the Debtor filed the instant bankruptcy case.

4. On information and belief, over the last several years, the Debtor has attempted to obtain from Defendants the return of his initial investment loan of $100,000.00 plus interest, and any profits due owing to Debtor as the result of the sale of investment property in Sacramento and Florida.

5. On or about 2010, the Debtor was approached by Defendants Ray and Dan Sahadeo and who solicited him to be an "investor" in Defendants' real estate investment/ development and construction company.

6. As a result of ongoing discussions between Debtor and Defendants, Debtor entered into an agreement with Defendants under which Debtor granted a third party lender a second mortgage in Debtor's home to loan Defendants $100,000.00 to invest in real property in Sacramento and Florida. In return, Defendants agreed to make the monthly payments of principal and interest on Debtor's second mortgage, and promised to pay Debtor an additional $200,000.00 following the sale of real property located in Sacramento and Florida. On the information of belief Defendants have sold the subject real property in Sacramento and Florida.

7. In an effort to accelerate the pay-off of the second mortgage, Debtor sent Defendants $500 a month to be applied to the loan principal. However, unbeknownst to the Debtor, Defendants entered into a secret agreement with the mortgage company to make interest only payments of $497.00.

8. After initially making the interest only payments for the first several years, Defendants failed to make any further payments on the second mortgage, in breach of their promised, which caused Debtor to default on the loan.

9. Debtor has demanded complete performance from Defendants of the terms of the agreement, and Defendants have refused and failed to perform.

10. Defendants have failed to make all payments due owing, and, on information and belief, still owe Debtor at least $200,000.00 plus interest.

11. Defendants have failed to repay the money Debtor borrowed against his Sacramento home and, as a result, the Debtor still owes $187,000.00 on his second mortgage.

12. All of the Debtor's rights to the loan and the other agreements and transactions described in paragraphs 6 through 11, above, are property of the Chapter 7 bankruptcy estate.

13. The Trustee made demand on Defendants to pay the amounts they owe to the estate, and after a series of discussions, the Trustee and Defendants entered into a Settlement Agreement in October of 2014. Attached hereto as **Exhibit A** is a true and correct copy of the Settlement Agreement entered into between the Trustee and Defendants.

14. Pursuant to the terms of the Settlement Agreement, Defendants agreed to pay the bankruptcy estate $40,000.00 as full satisfaction of the outstanding debt owed to Debtor.

15. Upon execution of the Settlement Agreement, Defendants were required to deliver a cashier's check in the amount of $40,000.00 payable to the Trustee. See **Exhibit A** attached hereto.

16. Defendants executed the Settlement Agreement on October 12, 2014, but failed to deliver the settlement check as promised. See **Exhibit A** attached hereto.

17. The Trustee has made several demands on Defendants for complete performance of the terms of the Settlement Agreement and payment of the $40,000.00.

18. Despite the Trustee's demands, Defendants have failed to deliver any payment and have breached the terms of the Settlement Agreement.

**FIRST CLAIM FOR RELIEF**
**(Breach of Settlement Agreement)**

19. Mr. Fukushima alleges and incorporates by reference each allegation contained in Paragraphs 1 through 18.

20. The Trustee has performed, or has been excused from performing, all of his obligations under the Settlement Agreement.

21. Defendants breached their obligations under the Settlement Agreement by refusing to make the $40,000.00 payment that is now due and owing.

22. As a direct and proximate result of Defendants' failure to perform pursuant to the terms of the Settlement Agreement, the bankruptcy estate has been damaged in at least the amount of $40,000.00 plus attorneys' fees and costs and other amounts, the exact amount of which will be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Turnover Pursuant to 11 U.S.C. §542(b))**

23. Mr. Fukushima alleges and incorporates by reference each allegation contained in Paragraphs 1 through 22.

24. Title 11 U.S.C. §542(b) states any person "that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee . . ."

25. As alleged above, Defendants owe multiple debts to the estate and those debts are matured.

26. Under Bankruptcy Code §542(b), Mr. Fukushima is entitled to a judgment against Defendants ordering them to pay to the estate all amounts they owe to the estate, in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Claim for Money Lent)**

27. Mr. Fukushima alleges and incorporates by reference each allegation contained in Paragraphs 1 through 26.

28. On or about October 2010, at Sacramento, California, Defendants became indebted to Debtor in the sum of $100,000.00 for money lent by Debtor to Defendants at their request.

29. Mr. Fukushima has demanded payment from Defendants.

30. Defendants have failed to make payment, and there is now owing the sum of at least $187,000 plus interest and other charges to be proven at trial.

WHEREFORE, Mr. Fukushima prays for judgment against Defendants as follows:

1. Damages according to proof;
2. An order that Defendants turn over to the estate all amounts they owe to the estate plus interest;
3. An order that Defendants account to the estate for all amounts they owe to the estate plus interest;
4. Costs of suit;
5. Attorneys' fees, as allowed by law; and
6. Such other and further relief as the Court may consider just and proper.

Dated: December 18, 2014

HERUM \ CRABTREE \ SUNTAG
*A California Professional Corporation*

By: /s/ Carlos M. Ambriz
CARLOS M. AMBRIZ
Attorneys for Plaintiff
ALAN S. FUKUSHIMA, Chapter 7 Trustee

EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is dated September __, 2014, and entered into among Alan S. Fukushima, the Chapter 7 Trustee of the bankruptcy estate *In re Simon Ramsubhag,* United States Bankruptcy Court, Eastern District of California, Case No. 14-21184-A-7 (the "Bankruptcy Case"), and Ray Sahadeo, 500 N St. Ste. 24, Sacramento, CA 95814 and Dan Sahadeo 500 N St. Ste. 24, Sacramento, CA 95814 (collectively the "Sahadeos").

## RECITALS

A. On February 7, 2014, Simon Ramsubhag (the "Debtor") filed the Bankruptcy Case. Mr. Fukushima is the Chapter 7 Trustee.

B. In his schedules, the Debtor disclosed a personal unsecured loan to Dan Sahadeo (the "Loan") which he valued at $100,000, and for which he claimed an exemption of $8,651.40 under California Code of Civil Procedure Section 703.140(b)(5).

C. The Trustee learned from the Debtor that he loaned the Sahadeos $100,000 in 2006 to purchase real estate investment property in Florida (the "Property") and the loan agreement is verbal. The Debtor told the Trustee the loan agreement required the Sahadeos to pay the Debtor's monthly mortgage payment until they sold the Property, at which time the Sahadeos would repay the Debtor on the Loan plus a portion of the profit from the sale of the Property.

D. The Sahadeos dispute the terms of the Loan, the current amount owed to Debtor on the Loan, and the enforceability of the Loan (the "Dispute").

E. The parties wish, by this Agreement, to resolve the Dispute.

In consideration of the mutual commitments and undertakings set out in this Agreement, the parties hereto agree as follows:

## TERMS OF AGREEMENT

1. In settlement of the Dispute, the Sahadeos shall pay the bankruptcy estate $40,000.00 (the "Settlement Payment") by delivering a cashier's check in the amount of $40,000, payable to "Alan S. Fukushima, Chapter 7 Trustee, *In re Ramsubhag*" when they sign this Agreement.

2. Each of the Sahadeos shall be jointly and severally liable for the Settlement Payment.

3. The settlement documented by this Agreement is conditional on the Bankruptcy Court granting a motion to approve compromise of controversy, which the Trustee shall file (the "Compromise Motion"). The Sahadeos shall support the Compromise Motion. If the Court does not grant the Compromise Motion, then the terms of this Agreement shall be of no effect.

4. Each party to this Agreement shall sign such further documents and take further action as reasonably may be necessary to effectuate the terms of this Agreement.

5. The Sahadeos shall not file a claim in the Bankruptcy Case, and if they do the Trustee need not pay it.

## RELEASES

6. Subject to Court approval, in consideration of the mutual covenants contained in this Agreement and except as to any obligations this Agreement creates, each of the Sahadeos releases and forever discharges the Trustee, individually and as the representative of the bankruptcy estate, his attorneys, agents, and employees, past and present, and all other persons or entities, from any and all claims, causes of action, obligations, damages, and liabilities, known or unknown, that either one ever had or now has, arising directly or indirectly out of, or related to, the Dispute.

7. Subject to Court approval, in consideration of the mutual covenants contained in this Agreement and except as to any obligations this Agreement creates, the Trustee, in his capacity as Chapter 7 Trustee of the bankruptcy estate, releases and forever discharges the Sahadeos, and their attorneys, agents, and employees, past and present, and all other persons or entities, from any and all claims, causes of action, obligations, damages, and liabilities, known or unknown, that he ever had or now has, arising directly or indirectly out of, or related to, the Dispute.

8. The parties understand and acknowledge it is possible that unknown losses or claims exist or that present losses or claims may have been underestimated in amount or severity, and the parties explicitly took that into account in determining the amount of consideration to be exchanged for the giving of the above releases, and a portion of that consideration, having been bargained for between the parties with the knowledge of the possibility of such unknown claims, was given in exchange for a full accord, satisfaction, and discharge of all such claims. Therefore, the parties waive all rights under California Civil Code Section 1542, which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor.

## MISCELLANEOUS

9. Each party warrants that no promise, inducement, or agreement not expressed in this Agreement has been made to it in connection with this Agreement and that this Agreement constitutes the entire agreement between the parties. This Agreement may not be altered, amended, modified, or otherwise changed except by a writing duly executed by the parties stating that it amends this Agreement. Each party agrees and acknowledges that it will make no claim that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character.

10. Each party agrees to bear its own attorney's fees and costs in connection with this Agreement. However, in the event of a breach of this Agreement, the breaching party will pay all reasonable attorney's fees and costs of the non-breaching party incurred by reason of such breach.

11. If any provision of this Agreement is held invalid or illegal, such invalidity or illegality shall not invalidate the whole of this Agreement, but, rather, the

Agreement shall be construed as if it did not contain the invalid or illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

12. This Agreement may be signed in duplicate originals, each of which is equally admissible in evidence. This Agreement shall become effective when all parties have signed it or separate copies thereof. Signatures transmitted by facsimile machine or electronically in PDF format shall have the same force and effect as original signatures.

13. Each party represents that it has been fully advised by its counsel, or has had sufficient opportunity to be fully advised by its counsel, as to this Agreement and each provision of it.

14. This Agreement shall be binding on the assigns and successors to the parties.

15. Neither party shall be deemed to have drafted this Agreement but, instead, this Agreement shall be deemed to have been drafted by all parties to the Agreement.

16. The United States Bankruptcy Court for the Eastern District of California shall have exclusive jurisdiction over any proceeding to enforce any term of this Agreement, and each party consents to the jurisdiction of the United States Bankruptcy Court for the Eastern District of California for that purpose.

17. Time is of the essence as to each term contained in this Agreement.

______________________________
ALAN S. FUKUSHIMA, Chapter 7 Trustee of the Bankruptcy Estate *In re Ramsubhag;* United States Bankruptcy Court, Eastern District of California Case No. 14-21184-A-7

______________________________
RAY SAHADEO

______________________________
DAN SAHADEO

Agreement shall be construed as if it did not contain the invalid or illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

12. This Agreement may be signed in duplicate originals, each of which is equally admissible in evidence. This Agreement shall become effective when all parties have signed it or separate copies thereof. Signatures transmitted by facsimile machine or electronically in PDF format shall have the same force and effect as original signatures.

13. Each party represents that it has been fully advised by its counsel, or has had sufficient opportunity to be fully advised by its counsel, as to this Agreement and each provision of it.

14. This Agreement shall be binding on the assigns and successors to the parties.

15. Neither party shall be deemed to have drafted this Agreement but, instead, this Agreement shall be deemed to have been drafted by all parties to the Agreement.

16. The United States Bankruptcy Court for the Eastern District of California shall have exclusive jurisdiction over any proceeding to enforce any term of this Agreement, and each party consents to the jurisdiction of the United States Bankruptcy Court for the Eastern District of California for that purpose.

17. Time is of the essence as to each term contained in this Agreement.

______________________________
ALAN S. FUKUSHIMA, Chapter 7 Trustee of the Bankruptcy Estate *In re Ramsubhag;* United States Bankruptcy Court, Eastern District of California Case No. 14-21184-A-7

10/12/14
______________________________
RAY SAHADEO

10-12-14
______________________________
DAN SAHADEO